<table>
<tr><td>

DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>
1437 Bannock Street, Room 256<br>
Denver, CO 80202<br>
Phone: (303) 606-2300

</td><td>

DATE FILED<br>
May 15, 2025 12:15 PM<br>
FILING ID: 9F1CACC7D394A<br>
CASE NUMBER: 2025CV31762

</td></tr>
</table>

|  |  |
|---|---|
| Plaintiff:<br><br>**DOLORES LOPEZ**<br><br>**v.**<br><br>Defendant:<br><br>**DILLON COMPANIES, LLC d/b/a THE KROGER CO a/k/a KING SOOPERS STORE #001** | ▲ **COURT USE ONLY** ▲ |

| **ATTORNEYS FOR PLAINTIFF:** | |
|---|---|
| Name:  Jacob M. Burg, Reg. No. 47766<br>  Ryan L. Greely, Reg. No. 53064<br>Address:  Burg Simpson Eldredge Hersh & Jardine, P.C.<br>  40 Inverness Drive East<br>  Englewood, Colorado, 80112<br>Phone No.:  (303) 792-5595<br>Fax No.:  (303) 708-0527<br>E-Mail:  jburg@burgsimpson.com<br>  rgreely@burgsimpson.com | Case No:<br><br>Div: |

| **COMPLAINT AND JURY DEMAND** |
|---|

    **COMES NOW,** Plaintiff, Dolores Lopez, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., for her Complaint and Jury Demand, and states, alleges, and avers as follows:

## PARTIES

1.      Plaintiff Dolores Lopez ("Plaintiff Lopez") is a citizen and resident of Denver County, residing at 1348 Kalamath Street, Denver, CO 80204.

2.      Defendant Dillon Companies, LLC d/b/a The Kroger Co. a/k/a King Soopers Store # 001 ("Defendant King Soopers") at all relevant times was a foreign limited liability company, licensed to do business in the State of Colorado, with its principal place of business at 1927 S. Wadsworth Blvd., Lakewood, Colorado 80227. Defendant King Soopers has a registered

agent of Corporation Service Company located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

## JURISDICTION AND VENUE

3.  The Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

4.  The Court has personal jurisdiction over the Defendant King Soopers by virtue of its operations and presence in Colorado, its transacting business in Colorado and the commission of tortious acts in Colorado that caused injury and damages in Colorado to a Colorado resident, all pursuant to C.R.S. §13-1-124(1)(b).

5.  Venue is proper in this Court, pursuant to C.R.C.P. 98(c)(5) because Denver County is the county where the incident occurred.

## GENERAL ALLEGATIONS

6.  On the morning of May 22, 2023, Plaintiff Lopez was shopping at King Soopers, located at 1331 North Speer Blvd., Denver, Colorado (hereinafter "the premises").

7.  At or about that same time and place, Plaintiff Lopez was looking at vases in the floral department.

8.  As she walked past one of the floral department shelves, Plaintiff Lopez tripped on a wire rack that was left out by a King Soopers' employee, and which was protruding out into the walkway in the floral department.

9.  As a result of tripping over the wire rack, Plaintiff Lopez fell to the ground on her knees. (Paragraphs 6-9 are hereinafter referred to as the "incident").

10. Defendant King Soopers knew or should have known that leaving the wire rack in the walkway of the floral department constituted a tripping hazard, as shoppers are either looking at the goods on the shelves and not at the floor and/or pushing a shopping cart that obstructs their view of the floor.

11. At the time and place of the incident, there were no signs, cones, or other warnings to alert people to the tripping hazard that the wire rack created.

12. Defendant King Soopers created the dangerous condition by leaving the wire rack so that it was protruding out into the walkway and creating a tripping hazard.

13. Further, Defendant King Soopers did not remove the wire rack or adjust it so that it was not protruding out into the walkway prior to the incident, nor did it provide any warning

signs, cones, or other warning devices to alert people to avoid tripping on the wire rack on the date of the incident.

14. Upon information and belief, Defendant King Soopers subsequently stopped using these wire racks because they had actual knowledge that they were dangerous tripping hazards, as other customers had tripped over them prior to Plaintiff Lopez.

15. As a direct and proximate result of Defendant King Soopers' careless, reckless, and negligent actions and inactions, Plaintiff Lopez suffered serious bodily injury including, but not limited to, a comminuted and displaced transverse fracture of the left patella, which required ORIF surgery, and a torn rotator cuff of her right shoulder.

16. As a direct and proximate result of Defendant King Soopers' careless, reckless, and negligent actions and inactions, Plaintiff Lopez has incurred past medical bills in excess of $102,000.

17. As a direct and proximate result of Defendant King Soopers' careless, reckless, and negligent actions and inactions, Plaintiff Lopez has suffered economic damages including past and future medical expenses, past and future lost wages, and out of pocket expenses.

18. As a direct and proximate result of Defendant King Soopers' careless, reckless, and negligent actions and inactions, Plaintiff Lopez has suffered non-economic damages including but not limited to, past and future pain and suffering, inconvenience, mental and emotional distress, loss of enjoyment of life, and impairment of the quality of life.

19. As a direct and proximate result of Defendant King Soopers' careless, reckless, and negligent actions and inactions, Plaintiff Lopez has suffered and will continue to suffer from physical impairment and disfigurement.

## <u>FIRST CLAIM FOR RELIEF</u>
### (Premises Liability v. Defendant King Soopers)

20. Plaintiff Lopez incorporates and re-alleges, by reference, all other paragraphs in this Complaint as if fully set forth herein.

21. With regard to the property on which Plaintiff Lopez was injured, Defendant King Soopers is a landowner in possession and control of the premises, as defined by C.R.S. § 13-21-115.

22. At the time of the incident, Plaintiff Lopez was an invitee on the premises, as defined by C.R.S. § 13-21-115.

23.    Defendant King Soopers owed a statutory duty to exercise reasonable care to protect those invitees at their grocery store, including Plaintiff Lopez, from dangers of which it knew or should have known.

24.    Defendant King Soopers knew or should have known that leaving a wire rack that protruding into the walkway of the floral department created a tripping hazard to its customers.

25.    Defendant King Soopers breached its duty to exercise reasonable care to protect Plaintiff Lopez from dangers by leaving the wire rack protruding into the walkway near the lower shelves of the floral department, thereby creating a tripping hazard.

26.    Defendant King Soopers breached its duty to exercise reasonable care to protect Plaintiff Lopez from dangers of which it knew or should have known by failing to remove or adjust the wire so that it was not protruding into the walkway and by failing to warn people of the tripping hazard.

27.    Defendant King Soopers' failure to exercise reasonable care to protect people walking near the floral display, including Plaintiff Lopez, from dangers of which it knew or should have known was unreasonable.

28.    As a direct and proximate result of the Defendant King Soopers' negligent actions and inactions, Plaintiff Lopez has suffered past and future economic and non-economic damages including, but not limited to, medical expenses, lost wages, out-of-pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, loss of enjoyment of life, disfigurement, and permanent physical impairment as further described herein, the amounts of which will be proven at trial.

## <u>SECOND CLAIM FOR RELIEF</u>
### (Negligence v. Defendant King Soopers)

29.    Plaintiff Lopez incorporates and re-alleges, by reference, all other paragraphs in this Complaint as if fully set forth herein.

30.    If Defendant King Soopers is not deemed a landowner under C.R.S. §13-21-115, then Defendant King Soopers nevertheless owed common law duties to act reasonably and maintain the premises, including the grocery store walkways from tripping hazards, which duties Defendant King Soopers breached, causing Plaintiff Lopez injury.

31.    Specifically, Defendant King Soopers owed Plaintiff Lopez and other members of the public in King Soopers a duty to protect them from tripping hazards in the grocery store walkways, including but not limited to:

4

    a.  Maintaining a safe walkway for its customers, free of tripping hazards, such as the wire rack; and/or

    b.  Warning individuals of the tripping hazard posed by the wire rack.

32.    Defendant King Soopers breached its duty to Plaintiff Lopez by leaving the wire rack protruding into the walkway and, thereafter; failing to remove the wire rack and/or failing to warn passersby of the wire rack's presence.

33.    Defendant King Soopers' actions, inactions, failures, and omissions constitute negligence.

34.    As a direct and proximate result of Defendant King Soopers' careless, reckless, and negligent actions and/or inactions, Plaintiff Lopez sustained past and future medical bills, economic losses, past and future noneconomic damages, physical impairment and disfigurement and other injuries, damages, and losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lopez prays for judgment against Defendant King Soopers for relief, as follows:

1.    Economic damages, including but not limited to, past and future medical expenses, past and future lost wages, and out-of-pocket expenses;

2.    Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3.    Damages for permanent physical impairment and disfigurement;

4.    All other compensatory damages caused by Defendant King Soopers' actions and inactions, to be proven at trial;

5.    Pre-judgment and post-judgment interest as provided for by law;

6.    Attorney fees, costs, and expenses of this action as provided for by law; and

7.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Lopez hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of May, 2025.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
***(Original signed copy on file at the law offices of Burg***
***Simpson Eldredge Hersh & Jardine, P.C.)***

*/s/ Jacob M. Burg*

Jacob M. Burg Reg. No. 47766
Ryan L. Greely Reg. No. 53064
*Attorneys for Plaintiff Dolores Lopez*

**Plaintiff's Address**
c/o Burg Simpson
40 Inverness Dr. East
Englewood, CO 80112